**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN DARNELL EDWARDS, | No. 15-16185 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:10-cv-01264-MCE-DAD |
| M. D. McDONALD, Warden; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted September 13, 2016[**]

Before:    HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

California state prisoner Brian Darnell Edwards appeals pro se from the district

court's summary judgment and judgment as a matter of law in his 42 U.S.C. §

1983 action alleging constitutional violations.  We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo. *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Edwards's access-to-courts claim because Edwards failed to raise a genuine dispute of material fact as to whether defendants caused an actual injury to a non-frivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 348-49, 354-55 (1996) (setting forth the elements of an access-to-courts claim and actual injury requirement).

The district court properly granted summary judgment on Edwards's Fourth Amendment claim because prisoners have no Fourth Amendment right of privacy in their cells. *See Hudson v. Palmer*, 468 U.S. 517, 530 (1984) ("Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells").

We cannot review Edwards's contentions challenging the district court's judgment as a matter of law at the conclusion of Edwards's evidence on Edwards's claims arising from the confiscation of banned books because Edwards has failed to provide the relevant trial transcripts required to review the alleged errors. *See* Fed. R. App. P. 10(b)(2); *Syncom Capital Corp. v. Wade*, 924 F.2d 167, 169 (9th Cir. 1991) (dismissing appeal by pro se appellant for failure to provide relevant

trial transcripts).

**AFFIRMED.**